UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC

2009 SEP 24 A 9: 42

| | |
|---|---|
| Anthony Harris, #41284-115, | ) C/A No.: 9:09-2189-JFA-BM |
| Petitioner, | ) |
| vs. | ) |
| Mary M. Mitchell, Warden, | ) Report and Recommendation |
| Respondent. | ) |

The Petitioner, Anthony Harris, brings this action *pro se* pursuant to 28 U.S.C. § 2241 for habeas relief. Petitioner is a federal prisoner at the Federal Correctional Institution (FCI) in Edgefield, South Carolina.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and other habeas corpus statutes, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

*Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *see Fine v. City*

*of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even when considered under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Background

On August 17, 2009, Petitioner filed a document entitled "Habeas Corpus § 2241 3(c)." (Docket Entry No. 1). As Petitioner failed to pay the filing fee, or submit an application to proceed *in forma pauperis* with the petition, an Order directing Petitioner to bring the instant case into proper form was issued on August 24, 2009. (Docket Entry No. 6). Petitioner was also directed, in that Order, to complete the standard form used by federal prisoners filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. On August 31, 2009, Petitioner submitted an application to proceed *in forma pauperis*, and an amended habeas petition. (Docket Entry No.'s 8, 9).

Petitioner's pleadings challenge an October 20, 1988, conviction in the Superior Court of the District of Columbia for three counts of armed robbery and two counts of assault with intent to commit robbery. Petitioner states that he received "45 yrs to life with no mandatory minimum."[1] Petitioner attacked this conviction by filing a motion to vacate in the Superior Court for the District of Columbia pursuant to D.C. Code § 23-110. However, the Superior Court denied relief. Petitioner further appealed to the District of Columbia Court of Appeals, which denied relief on July 19, 1991.

---

[1] Petitioner's original petition stated that he has two future sentences to serve, one of which was imposed in 1995 by the United States District Court for the Eastern District of Virginia, Alexandria Division. However, Petitioner indicates that he does not plan to attack the judgments which imposed his future sentences. (Original Petition, page 3).



## Discussion

Prisoners, such as the Petitioner in this action, who are convicted and sentenced by the Superior Court for the District of Columbia, may seek collateral review of their convictions pursuant to D.C. Code § 23-110, which states:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a).

However, § 23-110 clearly prohibits a prisoner convicted in the D.C. Superior Court from pursuing federal habeas relief if such prisoner has "failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." *See* D.C. Code § 23-110(g). Thus, federal courts generally lack jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the D.C. Superior Court. *See Swain v. Pressley*, 430 U.S. 372, 377-78 (1977)(finding that § 23-110 divests federal courts of jurisdiction over such claims absent a showing that § 23-110 is inadequate or ineffective); *Mobley v. Superior Court of the District of Columbia*, No. 87-6502, 1988 WL 4640 (4th Cir. Jan. 14, 1988)(prisoner challenging D.C. Superior Court conviction "precluded from any further habeas relief unless he shows that relief under § 23-110 is inadequate or ineffective to test the legality of his detention").

Although § 23-110 expressly prohibits a prisoner from challenging a D.C. Superior Court conviction and sentence via a federal habeas petition, § 23-110 does contain a "savings clause," as stated above. This "savings clause" allows a prisoner to challenge the validity of a D.C. Superior



Court conviction under § 2241, if the prisoner can demonstrate that § 23-110 is "inadequate or ineffective to test the legality of his detention." In this respect, the language of § 23-110 is comparable to the language of 28 U.S.C. § 2255(e). *See Swain*, 430 U.S. at 377-78; *U.S. v. Hurt*, No. 91-6061, 1991 WL 197403 (4th Cir. Oct. 7, 1991)(D.C. Code § 23-110 is the District of Columbia's equivalent to 28 U.S.C. § 2255). However, to invoke the savings clause, a petitioner must provide evidence showing that an otherwise available remedy is inadequate or ineffective, and that such insufficiency entitles the prisoner to proceed under the savings clause. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)(in § 2255 context); *In re Eidson*, No. 97-691, 1997 WL 712857 (4th Cir. Nov. 17, 1997). Further, to gain recourse in a federal court, a prisoner cannot simply rely on an unsucessful attempt to obtain relief under § 23-110 as a basis for employing the savings clause. *See Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir.1986).

In the instant action, Petitioner attempted to have his D.C. Superior Court conviction set aside pursuant to D.C. Code § 23-110. While Petitioner states that his § 23-110 action was unsuccessful, Petitioner provides no facts to indicate that such a remedy is inadequate or ineffective to contest the legality of Petitioner's D.C. Superior Court conviction. Hence, as Petitioner seeks to challenge a D.C. Superior Court conviction, but fails to demonstrate the inadequacy or ineffectiveness of § 23-110 to test the legality of his detention, this Court lacks jurisdiction to hear Petitioner's case.

## Recommendation

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an

unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit). *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

Petitioner's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

September 23, 2009
Charleston, South Carolina

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

