IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Harris, #41284-115 | ) | C/A No.: 9:09-2189-JFA-BM |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Mary M. Mitchell, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Anthony Harris, is a federal prisoner incarcerated at the Federal Correctional Institution in Edgefield, South Carolina. He challenges his 1988 conviction for robbery in the Superior Court of the District of Columbia. Previously, he has also attacked this conviction by filing a motion to vacate and an appeal to the D.C. Court of Appeals, both of which were denied.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court is without jurisdiction to entertain the petition and it should therefore be dismissed without prejudice. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

The petitioner was advised of his right to file objections, and has done so, to the Report which was entered on the docket on September 24, 2009. The court has carefully reviewed the objections and finds them to be without merit.

As the Magistrate Judge correctly notes in the Report, federal courts generally lack jurisdiction to entertain motions to vacate, set aside, or correct a sentence imposed by the S.C. Superior Court. *See Swain v. Pressley*, 430 U.S. 372-377-78 (1977)(finding that § 23-110 divests federal courts of jurisdiction over such claims absent a showing that § 23-110 is inadequate or ineffective); *Mobley v. Superior Court of the District of Columbia*, No. 87-6502 1988 WL 4640 (4th Cir. Jan. 14, 1988).

Although § 23-110 contains a "savings clause" to challenge the validity of a D.C. Superior Court conviction under § 2241, the petitioner must demonstrate that § 23-110 is "inadequate or ineffective to test the legality of his detention." Here, petitioner fails to provide and facts or evidence to demonstrate his alleged inadequacy of § 23-110. Hence, this court lacks jurisdiction to hear petitioner's case.

After a careful review of the record, the applicable law, the Report and Recommendation, and the objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without requiring the respondents to file a return.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

November 3, 2009
Columbia, South Carolina